580

JULIA FORNARIS, Plaintiff and Appellee, v. FRANCISCO FONT, Defendant and Appellant.

No. 5482. Argued February 10, 1933.—Decided March 10, 1933.

*Leopoldo Tormes* for appellant. *F. Zapater* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The defendant was adjudged to pay a certain sum of money to the plaintiff, and the first ground he urges in support of his appeal from that judgment is that the lower court should have stricken out a certain allegation in the complaint as being irrelevant. It is alleged in the complaint that the promissory note containing the obligation the payment of which is claimed, was delivered at its maturity by plaintiff's attorney in fact to Attorney Leopoldo Tormes at his request and on the pretext that it was going to be paid by the debtor, and that the plaintiff has not been able to secure its return to her in spite of the fact that the debt remains unpaid. Such allegation is not irrelevant in this case, since it makes it possible to offer evidence as to why the plaintiff does not have in her possession the written obligation the payment of which she claims. The case of *Carlo* v. *Ferrer et al.*, 27 P.R.R. 203, cited by the appellant, has no relation to the instant case.

By the second ground the appellant complains of the overruling of his demurrer to the complaint, which demurrer was based on the claim that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to state whether the plaintiff is married or single; because if she is married and the debt was contracted during her marriage, the cause of action does not belong to her, but to her husband. For the present, it will be sufficient for us to say that it appears from the complaint that the plaintiff is single, since the promissory note was executed in favor of Miss Julia Fornaris, who is the plaintiff.

By the third ground of appeal it is urged that the lower court erred in considering the facts in the complaint as proved, and in rendering judgment against the defendant in the terms in which said judgment was rendered, because, as the promissory note is payable to order and the complaint was presented ten years after the maturity of said note, the defendant is protected by the three-year prescription of commercial notes; and because he was ordered to pay an interest rate higher than the legal rate.

The appellant did not plead in the lower court the defense of prescription of the action, and he sets it up for the first time in this Court, for which reason we cannot consider it. The prescription of the action is a privilege which is understood to be waived if it is not pleaded in the answer. *Catoni v. Martorell*, 38 P.R.R. 295; *Heirs of Franceschi v. González*, 42 P.R.R. 901, affirmed by the United States Court of Appeals for the First Circuit.

As regards the contention that the judgment orders the payment of interest at the rate of one per cent a month until the complete payment of the obligation, and that interest is due only until the maturity of the obligation, and after that, interest at the legal rate of six per cent per annum, it is sufficient for us to say that in the promissory note the debtor agreed to pay interest at the rate of one

per cent monthly from the date of the document until the obligation was fully paid.

In the lower court the defendant limited himself to denying the facts of the complaint without setting up any defense in his favor, nor did he offer evidence to contradict that of the plaintiff, for which reason we do not think that any error was committed in adjudging him to pay the costs, as claimed by him in his last ground of appeal.

The judgment appealed from must be affirmed.